IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FRANCISCO JAVIER CARDENAS
-CORONEL,

        Defendant.

No. 3:12-cr-00227-HZ-1

OPINION & ORDER

Leah K. Bolstad
Scott Kerin
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Stephen R. Sady
Elizabeth G. Daily
Office of the Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR 97204

    Attorneys for Defendant

1- OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Francisco Javier Cardenas-Coronel brings this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) and Amendment 782 of the United States Sentencing Guidelines (U.S.S.G.). For the reasons that follow, Defendant's motion is denied, but the Court grants Defendant a certificate of appealability.

## BACKGROUND

Defendant was convicted by guilty plea of "Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine." Def.'s Suppl. Mem. Ex. A, ECF 136-1. In the plea agreement, Defendant and the Government agreed to a base offense level of 32 on the then-existing drug quantity table. Id. at Ex. B, ECF 136-2. The parties agreed to recommend a three-level downward adjustment for acceptance of responsibility and a one-level variance for Defendant's agreement to forego filing pretrial motions. In addition, the Government agreed to recommend an additional downward variance.

At sentencing, the Statement of Reasons reflected an overall Total Offense Level of 29, a Criminal History Category of II, and a guideline sentencing range of 108 to 135 months of imprisonment. Id. at Ex. E, ECF 139. The parties agreed to recommend a sentence of 70 months. On March 12, 2014, the Court followed the parties' recommendation and imposed an overall sentence of 70 months of imprisonment, to be followed by a four-year term of supervised release. Id. at Ex. A.

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified U.S.S.G. § 2D1.1 to lower the sentencing range for certain categories of drug-related offenses. The Sentencing Commission also adopted Amendment 788

effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants who were sentenced before its effective date.

## DISCUSSION

Defendant contends that he is eligible for a sentence reduction because the guideline applied to him, U.S.S.G. § 2D1.1, has been retroactively amended to reduce the Drug Quantity Table by two levels. 18 U.S.C. § 3582(c)(2). Defendant argues that he should receive a full, two-level reduction to the mandatory minimum sentence of 60 months, which is the bottom of the amended guideline range with full credit for the previously-imposed four-level § 3553(a) variance. The Government responds that Defendant is not eligible for the reduction because his original sentence of 70 months of imprisonment is already below the low end of what his amended advisory Sentencing Guideline range of 87 to 108 months of imprisonment would be after application of Amendment 782. Therefore, the Government contends that Defendant is ineligible for a reduction under the policy statement in U.S.S.G. § 1B1.10(b)(2)(A), which prohibits retroactive reductions below the low end of the "amended guideline range."

Defendant argues that (1) by negating warranted departures and variances from the guideline range, the policy statement in U.S.S.G. § 1B1.10(b)(2)(A) conflicts with the Sentencing Commission's statutory direction in 28 U.S.C. § 991(b) to promote the purposes of sentencing and avoid unwarranted sentencing disparity; and (2) applying U.S.S.G. § 1B1.10(b)(2)(A) to deny sentence reductions to the class of defendants who have previously received variances or non-cooperation departures would violate the equal protection clause.

As Defendant recognizes, the arguments he presents have already been considered by several other judges in this District, including Judge Brown, Judge Simon, Judge Mosman, Judge Panner, and Judge Aiken. The issues are currently on appeal before the Ninth Circuit. The

Appellate Commissioner has ordered four of those cases to go forward with consolidated briefing, and thirteen other cases have been stayed pending the result of the consolidated cases. See Order, United States v. Padilla-Diaz, No. 15-30279 (9th Cir. Feb. 9, 2016), Docket Entry 6.

This Court reviewed many of the decisions that have already addressed the arguments raised by Defendant. Finding the analysis to be thorough and legally sound, the Court follows these opinions in concluding that the limitation in § 1B1.10(b)(2)(a) that precludes consideration of variances and noncooperation departures in the context of a sentence modification under 18 U.S.C. § 3582(c) does not conflict with 18 U.S.C. § 991(b). See, e.g., United States v. Castaneda, No. 3:11-CR-00412-BR, 2016 WL 520966, at *3 (D. Or. Feb. 5, 2016); United States v. Gorgatenko, 3:10-cr-00396-SI (D. Or. Dec. 2, 2015) at 17-21, ECF 269.

In addition, the Court concludes that application of § 1B1.10(b)(2)(A) to Defendant does not violate his right to equal protection. See, e.g., Castaneda, 2016 WL 520966, at *3; Gorgatenko, 3:10-cr-00396-SI at 21-32; United States v. Garcia-Uribe, 08-cr-30039-PA at 5-8 (D. Or. Oct. 6, 2015), ECF 160; United States v. Heckman, 10-cr-143-MO at 2-3 (D. Or. Sept. 18, 2015), ECF 48; United States v. Mahan, 06-cr-60045-AA at 8-9 (D. Or. Oct. 30, 2015), ECF 158.

However, because the legal issues raised in Defendant's motion are not clearly established and because Defendant's arguments have the possibility of reasonable disagreement, the Court grants Defendant a certificate of appealability.

///

///

4- OPINION & ORDER

CONCLUSION

Defendant's motion to reduce sentence [130] is DENIED. The Court grants Defendant a certificate of appealability.

IT IS SO ORDERED.

Dated this ____27____ day of ___June___, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5- OPINION & ORDER